IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SHANNON KEITH FINLEY, #1683575 §

VS. § CIVIL ACTION NO. 4:14cv346

DIRECTOR, TDCJ-CID §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Shannon Keith Finley, an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Background

Petitioner is challenging his Lamar County conviction for third offense driving while intoxicated, repeat offender. Cause No. 23569. A jury found him guilty as charged, and on November 19, 2010, sentenced him to seventeen years' confinement. The Sixth Court of Appeals affirmed his conviction on December 20, 2011. *Finley v. State*, No. 06-10-00218-CR, slip op. (Tex. App.–Texarkana, 2011, pet. ref'd). The Texas Court of Criminal Appeals (CCA) denied his petition for discretionary review on June 20, 2012. *Finley*, PDR No. 0380-12 (Tex. Crim. App. 2012). Petitioner's post-conviction application for a state writ of habeas corpus was denied without written order on October 2, 2013. *Ex parte Finley*, No. 80,173-01.

The present petition for a writ of habeas corpus was filed on May 13, 2014. The Government

1

filed a Response, asserting that Petitioner has failed to raise a claim that is cognizable on federal habeas review. Petitioner did not file a Reply.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

## Warrantless Blood-Draw

Petitioner claims that his incarceration is illegal because it is based on a warrantless blood-draw. However, Fourth Amendment claims are barred from federal habeas corpus relief where a state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed.2d 1067 (1976). An "opportunity for full and fair litigation" has been interpreted by the Fifth Circuit to mean just that – an opportunity. *Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002). If a state provides the processes allowing a defendant to obtain full and fair litigation of a Fourth Amendment claim, *Stone* bars federal corpus consideration of that claim. *Id*. Petitioner was not foreclosed from litigating his claim in state court; accordingly, his Fourth Amendment claim is barred, and this court may not review it. *Stone*, 428 U.S. at 494, 96 S. Ct. at 3052. The petition should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability.

## Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

4

(extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE